Samuel Hadley and another *vs.* Lewis A. Hadley.

Hancock. Opinion July 25, 1888.

*New trial. Real action. Mortgage. Judgment.*

Where the only verdict in a real action is that the plaintiff is entitled to "Mortgage judgment" it will be set aside.

No judgment can be rendered on such a verdict.

If either party wishes a conditional judgment he must move for it. That is not a matter for the jury.

On motion to set aside a special verdict.

The opinion states the case.

*Wiswell and King,* for the plaintiffs.

*Deasy and Higgins,* for the defendant.

Walton, J. This action is before the law court on a motion submitted by the plaintiffs. The action is a writ of entry in common form. The motion states that the plaintiffs claimed title under a mortgage from the defendant, which the plaintiffs claimed had been foreclosed by publication, and that the equity of redemption had expired prior to the date of the writ, and that the issue of fact for the jury was whether there had been a breach of the condition of the mortgage before the commencement of the foreclosure, and that the jury returned a general verdict for the plaintiffs, and also found a special verdict of "mortgage judgment," and that before the special verdict was affirmed, the jury were asked by the presiding judge whether or not they found a breach of the condition of the mortgage before the commencement of the foreclosure, to which inquiry the jury replied "that they found no breach of the condition of said mortgage," and the plaintiffs move that the special verdict of "mortgage judgment," be set aside, as against law and evidence.

In two particulars, the record does not sustain the motion. The record does not show a general verdict for the plaintiffs. Nor does it show that the jury were inquired of with respect to a breach of the condition of the mortgage, or that they gave any

such answer in relation thereto, as is stated in the motion. Omitting the caption, the verdict certified by the clerk is as follows :

What judgment are the plaintiffs entitled to? Is it for a mortgage judgment, or a judgment for absolute title? "Mortgage judgment."          D. H. EPPES, Foreman 1st Jury.

And the clerk certifies that "this is the only verdict in the case."

It is plain that upon such a verdict no judgment can be rendered. It neither affirms nor disaffirms the right of the plaintiffs to the possession of the demanded premises. If we turn to the evidence it is plain that the question actually tried was whether or not there had been a breach of the condition of the mortgage, and especially whether there had been such a breach before the attempted foreclosure. But this was an immaterial issue; for, unfortunately for the defendant, the form of the mortgage was such that the plaintiffs were entitled to the possession of the mortgaged premises whether there had been any breach of the condition or not. The issue, therefore, was an immaterial one. It did not determine the question on which the right to maintain the action depended.

The right of a mortgagee, or of any one claiming under him, to recover possession of the mortgaged premises, even before a breach of the condition of the mortgage, when there is no agreement to the contrary, is affirmed by the Revised Statutes, c. 90, § 2. No agreement to the contrary being shown in this case, the plaintiffs' right to maintain their action for possession cannot be defeated by showing that no breach of the mortgage had taken place when the action was commenced. The fact itself is therefore irrelevant, and the issue immaterial. No use can be made of the fact, whether found for the plaintiffs or the defendant.

And the right of a mortgagee, or of any one claiming under him, to bring his action for possession of the mortgaged premises without naming the mortgage in his writ, is affirmed by the Revised Statutes, c. 90, § 8. And if either party wishes for a conditional judgment, he must move for it. But the motion

must be addressed to and heard by the court. It is not a matter for the jury, § 9.

Such being the law, we think the verdict in this case must be set aside. It is irregular in form, and irrelevant in matter, and no use can be made of it in determining what the judgment in the case shall be; and to sustain it, would establish a bad precedent.

*Motion sustained. Verdict set aside,*
*and a new trial granted.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.